UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DOUGLAS MARSHALL JACKSON,

    Plaintiff,

v.                                                      Case No. 5:24-cv-350-JSS-PRL

RICKY D. DIXON, et al.,

    Defendants.
_____/

## ORDER

Plaintiff Douglas Marshall Jackson, a Florida prisoner proceeding pro se, initiated this action by filing a complaint under 42 U.S.C. § 1983. (Dkt. 1.) In the complaint, Plaintiff alleges that Defendants are burdening his First Amendment right to practice his religion and are retaliating against him through a "transfer and loss of property" for grievances that he has filed. (*Id.* at 5.) Plaintiff did not pay the filing fee.

The Prison Litigation Reform Act (PLRA) amended 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Section 1915(g), commonly referred to as the "three-strikes provision," requires this court to consider the prior actions filed by a prisoner plaintiff which were dismissed as frivolous or malicious or because they failed to state a claim.

The court takes judicial notice of Plaintiff's previous actions which were dismissed as frivolous or malicious or because they failed to state a claim: *Jackson v. Inch, et al.*, No. 5:21-cv-00255-TPB-PRL (M.D. Fla. Dec. 2, 2021); *Jackson v. Inch*, No. 3:21CV732-MCR-EMT (N.D. Fla. Nov. 9, 2021); *Jackson v. Inch*, No. 3:21CV132-MCR-HTC (N.D. Fla. Mar. 29, 2021); *Jackson v. Fla. Dep't of Corr.*, No. 3:20CV5882-LC-HTC (N.D. Fla. Dec. 29, 2020); *Jackson v. Sec'y, Fla. Dep't of Corr.*, No. 5:20-cv-237-RDB-PRL (M.D. Fla. Aug. 13, 2020); *Jackson v. Fla. Dep't of Corr.*, No. 20-CV-20777-BB (S.D. Fla. Apr. 8, 2020).  The court also takes judicial notice of previous actions filed by Plaintiff which were dismissed based on the three-strikes provision: *Jackson v. Dixon, et al.*, 5:22-cv-313-WWB-PRL (M.D. Fla. July 14, 2022); *Jackson v. Inch, et al.*, 5:21-cv-00183-WWB-PRL (M.D. Fla. Apr. 5, 2021).

Because Plaintiff has three or more prior qualifying dismissals and his allegations do not warrant the imminent-danger exception to dismissal, this action will be dismissed without prejudice.  Plaintiff may initiate a new civil rights action by filing a new civil rights complaint form and paying the full $405 filing fee.

Accordingly:

1. The complaint (Dkt. 1) is **DISMISSED without prejudice** under 28 U.S.C. § 1915(g).

2. The clerk is **DIRECTED** to enter judgment, deny as moot any pending motions, terminate any pending deadlines, and close this case.

**ORDERED** on July 25, 2024.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties